Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

*Attorneys for Plaintiff*
CALIFORNIA RIVER WATCH

*Additional Attorneys Listed on Signature Pages*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>REDWOOD LANDFILL, INC.<br><br>　　　　　Defendant. | Case No.: 3:26-cv-00874-LJC<br><br>**AMENDED CONSENT DECREE** |

1

Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

## AMENDED CONSENT DECREE

**WHEREAS**, California River Watch (hereinafter "CRW" or "Plaintiff") is an Internal Revenue Code § 501(c)(3) nonprofit, public benefit corporation organized under the laws of the State of California, dedicated to protecting, enhancing, and helping to restore the surface and ground waters of California including coastal areas, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, and to educating the public concerning environmental issues associated with these environs;

**WHEREAS**, Redwood Landfill, Inc. (hereinafter "RLI" or "Defendant") owns and operates the Redwood Landfill and Recycling Center ("Facility") at 8950 Redwood Highway in Novato, California;

**WHEREAS** the Facility's industrial activities consist of managing solid waste and recyclable materials ("Facility").

**WHEREAS,** storm water discharges associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order 2014-0057-DWQ, and as amended in 2015 and 2018, for Storm Water Discharges Associated with Industrial Activities ("Industrial General Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, Defendant's industrial activities at the Facility that are described above and that are subject to the Industrial General Permit may result in storm water discharges that include pollutants into waters of the United States and are regulated by the Clean Water Sections 301(a) and 402, 33 U.S.C., §§ 1311(a), 1342;

**WHEREAS**, on or about February 28, 2025, CRW, through its authorized representative, issued a notice of intent to file suit ("60-Day Notice") to Defendant, its registered agent, the Administrator of the United States Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Water Board"), the Executive Director of the San Francisco Regional Water Quality Control Board ("San

2

Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

Francisco Water Board") and the Regional Administrator of EPA Region XI, alleging violations of the CWA and Industrial General Permit.

**WHEREAS**, on January 28, 2026 CRW filed a complaint against RLI in the Northern District of California, Civil Case No. 3:26-cv-00874-LJC (Complaint);

**WHEREAS**, Plaintiff's Complaint alleged violations of the Industrial General Permit and CWA for Defendant's discharges of pollutants into surface waters, including San Antonio Creek ("Receiving Waters");

**WHEREAS,** Defendant denies all allegations in the 60-Day Notice and the Complaint and reserves all rights and defenses with respect to such allegations and claims;

**WHEREAS**, Plaintiff and Defendant (collectively "Settling Parties" or "Parties") agree it is in their mutual interest to enter into a Consent Decree setting forth the terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice and Complaint without further proceedings;

**WHEREAS**, all actions taken by the Defendant pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2. The Parties hereby consent to Magistrate Judge jurisdiction in the United States District Court Northern District of California;

3. Venue is appropriate in the Northern District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District;

4. The Complaint states a claim upon which relief may be granted against Defendant pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

5. CRW has standing to bring this action;

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

6. The Court shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, but only regarding issues raised within the five (5) year term of this Consent Decree.

## OBJECTIVES

7. It is the express purpose of the Setting Parties through this Consent Decree to further the objectives of the CWA, and to resolve all issues alleged by CRW in its 60-Day Notice and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the Industrial General Permit, and compliance with all applicable sections of the CWA.

8. In light of these objectives and as set forth fully below, Defendant agrees to comply with the provisions of this Consent Decree, terms and conditions of the Industrial General Permit, and all applicable sections of the CWA for subject industrial activities at the Facility.

## AGENCY REVIEW AND CONSENT DECREE TERM

**Agency Review of Consent Decree**

9. Agency Review. Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (the "Federal Agencies"), within three (3) business days of the final signatures of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Defendant. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

10. Court Notice. Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order coordinate the Court's calendar with the 45-day review period.

11. Entry of Consent Decree. Following expiration of the Federal Agencies' 45-day review period, Plaintiff shall submit the Consent Decree to the Court for entry.

Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

**Effective Date and Term of Consent Decree**

12.   Effective Date. The Effective Date of this Consent Decree shall be the date of entry by the Court.

13.   Term & Termination. This Consent Decree shall terminate five (5) years from the Effective Date.

### COMMITMENTS OF THE SETTLING PARTIES

14.   Defendant shall perform the below-specified measures at the Facility:

14.a.   Beginning in Annual Reporting Year 2026-2027, RLI shall sample from the first Qualifying Storm Event ("QSE") as defined in the Industrial General Permit - to the extent feasible, as one of the four (4) yearly sampling of QSE events as required by the Industrial General Permit – taking into account and considering timing and safety protocols set forth in the Industrial General Permit §§ XI.B.5 and XI.C.6.a.ii.

14.b.   RLI shall revise its representative sampling reduction justification according to the schedule set forth below in paragraphs 14.b.i. through 14.b.iv. to be included in a revised Stormwater Pollution Prevention Plan (SWPPP). RLI shall provide the revised representative sampling reduction justification to CRW, for CRW's review and comment, one (1) month prior to submitting the revised SWPPP to the SMARTS data base.

14.b.i. By October 1, 2026, RLI shall conduct a survey of Facility discharge locations, identify discharge locations that may be combined into one, and update map of discharge locations.

14.b.ii. Within sixty (60) days after completing the survey, RLI shall submit a best management practice (BMP) improvement plan to CRW for review. Thirty days after submission to CRW, RLI shall begin implementing the BMP improvement plan.

14.b.iii. By October 31, 2027, RLI shall complete the BMP improvement plan.

14.b.iv. By January 15, 2028, RLI shall submit an updated SWPPP with revised sampling reduction justification to the SMARTS database containing analysis and providing evidence to justify sampling reduction in each of the five (5) sampling areas.

Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

14.b.v. RLI shall notify CRW electronically within fifteen (15) days after completion of each action.

14.c.    Within six (6) months after the Effective Date of this Consent Decree, RLI shall develop a plan to minimize the use of compost cover and wood chips for erosion control. RLI shall provide CRW electronically with a copy of the plan for CRW's review and comment. If implementation of the plan to minimize the use of compost cover and wood chips for erosion control does not reduce concentrations of N+N and COD to meet the NAL or bring down concentrations low enough to allow other advanced BMPs, RLI shall develop additional BMPs.

## LITIGATION FEES AND COSTS

15.    Attorneys' Fees and Costs.  Within thirty (30) calendar days after the Effective Date of this Consent Decree, RLI shall pay CRW the sum of fifty-seven thousand five hundred Dollars ($57,500.00) as reimbursement for CRW's investigative and attorneys' fees and costs.  Payment shall be made in the form of a single check payable to "California River Watch" and mailed to the Law Office of Jack Silver, 708 Gravenstein Highway North, #407, Sebastopol, CA 95472. Said payment shall constitute full and complete satisfaction of all costs and attorneys' fees incurred by CRW that have been or could have been claimed in connection with this matter up to and including the Effective Date of this Consent Decree, and for CRW's expert's and attorneys' fees and costs for monitoring and enforcing RLI's compliance with the ongoing obligations under this Consent Decree up to and including the Termination Date.

## MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

16.    Parties Waiver and Release. In consideration of the above, upon the Effective Date of this Consent Decree, and except as otherwise provided by this Consent Decree, the Parties hereby and forever fully release each other and their respective officers, directors, agents, representatives, successors, members, and assigns from any and all claims, liabilities, damages, injuries, actions or causes of action, either at law or in equity, that were or could have been raised based on the facts alleged in the 60-Day Notice and the Complaint up to

Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

and including the Termination Date of this Consent Decree. The release provided for herein shall be valid and effective whether the claims, causes of action, or liabilities hereby released *(i)* were known or unknown, suspected, or unsuspected, *(ii)* were based in contract, tort, statute, regulation, or otherwise, or *(iii)* arise at law or in equity. The Parties acknowledge that they are familiar with Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code Section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and the Complaint up to and including the Termination Date of this Consent Decree.

17.     <u>Agreement Not to Sue.</u> As of the Effective Date of this Consent Decree, and for a period of five (5) years after the Effective Date of this Consent Decree, CRW agrees that neither CRW, its officers, executive staff, members of its governing board, nor any organization under the control of CRW, its officers, executive staff, or members of its governing board, will file any lawsuit against RLI seeking relief for alleged violations of the CWA or the Industrial General Permit at the Facility.  CRW further agrees that, beginning on the Effective Date and ending on the Termination Date, CRW will not support other lawsuits, or assist in the preparation of 60-Day notices or claims, by providing financial assistance, personnel time, or other affirmative actions against RLI that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the CWA to challenge compliance with the CWA or the Industrial General Permit with respect to the Facility.

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

18.    No Admission of Liability. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. This Consent Decree shall not, for any purpose, be considered as an admission of liability or responsibility by RLI, nor shall the implementation of BMPs or payment of any sum of money in consideration for the execution of this Consent Decree constitute or be construed as an admission of liability or responsibility by RLI which expressly denies any such liability, responsibility, or wrongdoing. Defendant maintains and reserves all defenses that it may have to any alleged violations that may be raised in the future.

19.    Force Majeure. RLI shall not be deemed to be in default or breach of this Consent Decree by reason of any event which constitutes a force majeure. A force majeure event is defined as any event arising from causes beyond the reasonable control of RLI or its contractors that delays or prevents performance including, without limitation, acts of God, acts of war, acts of terrorism, fire, explosion, extraordinary weather events, restraint by court order or public authority, or other causes beyond RLI's reasonable control. Neither increased costs nor economic hardship shall constitute a force majeure.

20.    Dispute Resolution. This Court shall retain jurisdiction over this matter for the term of this Consent Decree for the purpose of enforcing its terms and conditions, and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt. Either party to this Consent Decree may invoke the dispute resolution procedures by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within fifteen (15) days of the date of the notice in an attempt to fully resolve the dispute.

21.    Settlement Conference.    If the Parties cannot resolve the dispute within forty-five (45) days from the date of the meet and confer described in Paragraph 20, the Parties agree to request a settlement meeting or conference before the Magistrate Judge assigned to this action.

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

22.   Motion.  In the event the Magistrate Judge denies the Parties' request for a settlement meeting or conference, or in the event the Parties cannot resolve the dispute after an initial settlement meeting or conference with the Magistrate Judge, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Northern District of California. The Parties agree to request an expedited hearing schedule on the motion. The filing of a motion under this paragraph shall not occur unless sixty (60) days have passed from the Magistrate Judge's denial of the Parties' request for a settlement or conference or sixty (60) days has passed from the initial settlement meeting or conference held before the Magistrate Judge.

23.   Notices. All notices, consents, approvals, requests, demands and other communications (collectively, "Notice") which the Parties are required to, or desire to serve upon or deliver to the other Party shall be in writing and shall be given by electronic mail (preferred) or by certified United States mail, return receipt requested, addressed as set forth below:

If to CRW:   California River Watch
290 South Main St. # 817
Sebastopol, CA 95472
US@criverwatch.org

COPY TO:   Jack Silver, Esq.
LAW OFFICE OF JACK SILVER
708 Gravenstein Highway North, #407
Sebastopol, CA 95472
lhm28843@sbcglobal.net

If to RLI:   Redwood Landfill, Inc.
8950 Redwood Hwy.
Novato, CA 94948

COPY TO:   Theresa A. Dunham
KAHN, SOARES & CONWAY, LLP
1415 L Street, Suite 400
Sacramento, CA 95814
tdunham@ksclawyers.com

[Proposed] Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

AND    Tim Miller, Senior Counsel
Waste Management
2255 N. Ontario St., Suite 350
Burbank, CA 91504
Tmille32@wm.com

The foregoing addresses may be changed by Notice given in accordance with this Section. Any Notice sent by certified mail shall be deemed received two (2) days after the date of mailing. Any Notice sent by electronic mail shall be deemed received upon electronic transmission thereof provided sender does not receive electronic notice of non-delivery. If the date of delivery or receipt of any Notice to be given hereunder falls on a weekend or legal holiday, then such date of receipt shall automatically be deemed extended to the next business day immediately following such weekend or holiday for purposes of calculating time periods commencing upon the date of service. In the case of a Force Majeure, the days for which the Force Majeure is in place for any portion of the day shall toll the Notice period(s) under this Consent Decree.

24. Attorneys' Fees. Other than the payment to CRW under Section 15, each Party shall bear its own past and future attorneys' fees and costs relating to the subject matter of this Consent Decree.

25. Construction. This Consent Decree shall be construed according to its plain and ordinary meaning except as to those terms defined in the Industrial General Permit, the Clean Water Act, or specifically herein.

26. No Assignments. Each Party to this Consent Decree represents and warrants that it has not assigned, transferred, hypothecated, or sold to any third person or entity, any of the rights or obligations released by or entered into under this Consent Decree. The Parties agree that the rights and obligations established by this Consent Decree shall not be assigned, and any such assignment by a Party is invalid.

27. Counterparts/Signatures. This Consent Decree may be executed in multiple counterparts, each of which shall evidence one and the same document. The Parties'

[Proposed] Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

signatures to this Consent Decree transmitted by electronic mail transmission shall be deemed original and binding.

28.    Headings. The headings used in this Consent Decree are for convenience of reference and shall not be used to define any provision.

29.    Full Settlement. This Consent Decree constitutes the full and final settlement of this matter.

30.    Integration Clause. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

31.    Modification of the Consent Decree. Unless otherwise agreed to in writing by the Parties, the Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

32.    Severability. The invalidity or unenforceability of any provision of this Consent Decree shall in no way affect the validity or enforceability of any other provision.

33.    Choice of Law. The laws of the United States shall govern this Consent Decree.

34.    Negotiated Settlement. The Settling Parties have negotiated this Consent Decree, and agree shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

35.    Authority. Each person signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute this Consent Decree on behalf of the entity and to bind it to all of the terms.

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

36.    If or any reason the Department of Justice or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the Department of Justice or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the Department of Justice or the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as final judgement.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

**APPROVED AS TO CONTENT:**

REDWOOD LANDFILL, INC.

Dated:    May 6, 2026

By: _____
Alejandro Oseguera, President

CALIFORNIA RIVER WATCH

Dated: 5/6/2026

By: _____
Larry Hanson, Board President

**APPROVED AS TO FORM:**

LAW OFFICE OF JACK SILVER

Dated:    May 7, 2026

By: _____
Jack Silver
Attorneys for Plaintiff
California River Watch

12

[Proposed] Amended Consent Decree

Docusign Envelope ID: 8E00687E-BE12-8F4F-8359-531D3259C5B0

LAW OFFICE OF JERRY BERNHAUT

Dated:    May 7, 2026        By: _____
                                 Jerry Bernhaut
                                 Attorneys for Plaintiff
                                 California River Watch

Dated:    May 6, 2026        KAHN, SOARES & CONWAY, LLP

                             By: _____
                                 Theresa Dunham
                                 Attorneys for Defendant
                                 Redwood Landfill, Inc.

**IT IS SO ORDERED**
**FINAL JUDGMENT**

Upon approval and entry of this Amended Consent Decree by the Court, this Amended Consent Decree shall constitute a final judgment between the Plaintiff and Defendant.

Dated: June 29, 2026_____        NORTHERN DISTRICT OF CALIFORNIA

                                   _____
                                   HONORABLE LISA J. CISNEROS
                                   United States Magistrate Judge

13

[Proposed] Amended Consent Decree